1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12

| | |
|---|---|
| THOMAS WATERBURY, | CASE NO. 1:06-cv-0163-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION |
| v. | TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT |
| PEREZ, et al., | PREJUDICE, FOR FAILURE TO EXHAUST |
| Defendants. | (Doc. 17) |

13
14

I.      Findings and Recommendations Addressing Defendants' Motion to Dismiss

15

      A.      Procedural History

16

      Plaintiff Thomas Waterbury is a state prisoner proceeding pro se and in forma pauperis in

17

this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

18

complaint filed on February 14, 2006, against defendants for denial of due process.  On May 18,

19

2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants

20

filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.

21

Plaintiff filed an opposition to the motion on June 14, 2007.

22

      B.      Legal Standard

23

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

24

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

25

confined in any jail, prison, or other correctional facility until such administrative remedies as are

26

available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

27

administrative remedies prior to filing suit.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

28

v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 127 S.Ct. at 921; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

C.    <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. <u>Id</u>. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal because plaintiff did not file an inmate appeal grieving his due process against them. In support of their motion, defendants submit evidence that there is no record of an appeal concerning the due process claims against them. Cano Dec. ¶11; Grannis Dec., ¶11.)

In his opposition, plaintiff argues that defendants have not met their burden because he was

housed at Lancaster State Prison when he exhausted his claims and therefore the appeals would not be at Corcoran State Prison.

Plaintiff's position that defendants did not meet their burden is incorrect.  As noted, there are four level of appeals.  Defendants have submitted evidence that there is no record of a director's level appeal filed by plaintiff concerning the claim in this action.  Even if plaintiff started the appeal process in Lancaster, there would be record of the appeal at the director's level if he had in fact exhausted the administration process.  Defendants' evidence is sufficient to shift the burden to plaintiff to demonstrate that he did exhaust.  Plaintiff has set forth no legitimate evidentiary objections concerning the declarations of Cano and Grannis, and has set forth no evidence demonstrating that he did file an inmate appeal and exhaust the process.  Arguments or contentions set forth in a responding brief do not constitute evidence, see Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).  Finally, plaintiff's conclusory statements that he did exhaust the adminsitrative process is insufficient to defeat defendants' motion.

D.    Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed May 18, 2007, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 18, 2007**                           **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE

3