# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WATERBURY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PEREZ, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-0163-LJO-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 26)<br><br>ORDER VACATING DISMISSAL OF DEFENDANTS SCHWARZENEGGER AND PEREZ FROM ACTION FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>ORDER GRANTING DEFENDANTS PEREZ AND SCHWARZENEGGER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 17) |

**Order**

**I.　Procedural History**

　　Plaintiff Thomas Waterbury is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 14, 2008, this court issued an order dismissing the action, and judgment was entered for defendants Perez, Woodford and Schwarzenegger. (Doc. 24). Plaintiff filed a motion for reconsideration of the court's order on February 28, 2008. (Doc. 26).

　　Plaintiff states that dismissal of this action is unwarranted because he was not granted an opportunity to amend his complaint to cure the deficiencies. Plaintiff also contends that the Court

did not consider his objections to the magistrate judge's findings and recommendation that the action be dismissed.

## II. Plaintiff's Motion for Reconsideration

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

In the instant case, on May 18, 2007, defendant Woodford filed a motion to dismiss the action against her for plaintiff's failure to exhaust his administrative remedies and for failure to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b), 12(b)(6). Defendants Schwarzenegger and Perez concurrently moved for dismissal on the grounds that plaintiff had failed to state a claim upon which relief could be granted. Fed. R. Civ. Pro. 12(b)(6). On December 19, 2007, the Magistrate Judge issued its Findings and Recommendations. (Doc. 21). The Court erroneously stated that all three defendants had moved for dismissal based on plaintiff's failure to exhaust the available administrative remedies. The Court found that plaintiff had not exhausted, and recommended that the action be dismissed against all defendants. On February 24, 2008, the District Judge issued an order adopting the Findings and Recommendations and the action was dismissed. (Doc. 24).

Plaintiff seeks reconsideration on the grounds that only one of the three named defendants had moved for dismissal for failure to exhaust pursuant to Fed. R. Civ. Pro. 12(b). Plaintiff therefore contends that even if the Court found that he had not exhausted his claim against defendant Woodford, he is entitled to amend his complaint to remove all reference to that particular defendant and to proceed against defendants Schwarzenegger and Perez.

Dismissal of an action for failure to exhaust administrative remedies is an affirmative defense, one that was not raised by either defendants Schwarzenegger and Perez. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, plaintiff's motion for reconsideration is granted to the extent that the court shall vacate the dismissals of defendants Schwarzenegger and Perez pursuant to F.R.C.P. 12(b) for failure to exhaust. However, the dismissal of defendant Woodford for plaintiff's failure to exhaust stands.

### III. Defendants Schwarzenegger and Perez's Motion to Dismiss for Failure to State a Claim, F.R.C.P. 12(b)(6).[1]

Because the Court dismissed plaintiff's action against defendants Schwarzenegger and Perez ("defendants") for failure to exhaust, the court did not reach defendants' motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). The Court shall now resolve defendants' motion.

#### A. Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court may not look outside of the pleadings in resolving the motion. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). "Rule 8(a)'s simplified pleading standard applies

---

[1] Although brought by defendants Woodford, Perez and Schwarzenegger, defendant Woodford has been dismissed from this action for plaintiff's failure to exhaust administrative remedies, and so the court does not reach this defendant's motion to dismiss for failure to state a claim.

3

to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

### B.    Summary of Plaintiff's Complaint

In his complaint, plaintiff states that he was sentenced to life without the possibility of parole in October 1981. At the time, 15 Cal. Code Reg. §2817 (repealed in 12/20/1993) required the Board of Prison Terms to consider persons serving sentences of life without the possibility of parole who have suffered no more than one felony conviction for applications for "reprieves, pardons and commutations of sentence" and to review applications twelve years after the prisoner was sentenced, and every three years thereafter.

Plaintiff alleges that defendants have violated his due process rights by denying him his right to appear before the Board of Prison Terms for a initial parole/commutation hearing, as well as the right to subsequent appearances once every three years thereafter. (Doc. 1, Complaint, p.2.).

Plaintiff alleges that defendant Perez entered into a conspiracy to deny plaintiff's applications for commutation. (Doc. 1, p.11). Plaintiff further alleges that from the time defendant Schwarzenegger was elected as Governor of the State of California in January 2002, plaintiff filed applications for commutation on a monthly basis until August 2005, when he finally received a letter of denial. Plaintiff alleges that defendant's response did not state a reason for the denial or indicate

the evidence considered. Plaintiff further states that he was denied an opportunity to ask questions. Plaintiff contends the response "indicates that [defendant Schwarzenegger] had joined the pre-existing and continuing conspiracy to deprive [plaintiff] of his Due Process rights...". (Doc. 1, p.9). Plaintiff further alleges that once aware of their illegal activities, defendants Schwarzenegger and Perez actively campaigned to cover-up their actions.

### C. Immunity from Suit

Defendants first move for dismissal on the grounds that plaintiff has named defendants Schwarzenegger and Perez in their official capacities as the current Governor of California and the Chairman of the Board of Prison Terms. Defendants therefore contend that individuals sued within their official capacities are not "persons" under 42 U.S.C. §1983, and also that the sovereign immunity doctrine under the Eleventh Amendment bars plaintiff's claims. (Doc. 17, p.6). In opposition, plaintiff asserts that he sues the defendants in their official capacities for injunctive and declaratory relief, and also in the personal capacities for monetary damages (Doc. 20, p.8-9).

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

In the instant case, the court notes that plaintiff specifically states in his complaint that he seeks money relief for each defendant named in their personal capacity. (Doc. 1, p.3, Section V.).

5

Thus, the court rejects defendants' argument that plaintiff's claims against them be dismissed because defendants are named only in their official capacities.

Next, defendants assert that plaintiff may not maintain an action against defendant Perez in her individual capacity as Chairman of the Board of Prison Terms for decisions made on plaintiff's applications for commutation. (Doc. 17, p.6).

"[P]arole board officers are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir., 1981). "To be sure, absolute immunity for parole board officials does leave the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty. But qualifying that immunity would disserve the broader public interest." Id. at 1303. Plaintiff's claim that defendant Perez denied plaintiff his statutory right to parole hearings is necessarily barred, and defendant Perez is entitled to dismissal of this action against her.

**D.     Plaintiff's Due Process Claims**

Defendants contend that there was no violation of plaintiff's constitutional or statutory rights. Citing Connecticut Bd. of Pardons v. Dumschat, 101 S. Ct. 2460, 452 U.S. 458, 464-65 (1981), defendants assert that inmates have no constitutional or inherent right to commutation, and that because there is no such entitlement, there can be no liability under section 1983 for any of the defendants' involvement in investigating or reviewing an application for commutation. (Doc. 17, p.7).

In opposition, plaintiff contends that defendants have misrepresented his complaint. Plaintiff states that his due process claim arises from the failure of defendants to provide him with parole hearings, and not with defendants' refusal to grant a commutation of his sentence. (Doc. 20, p.8).

In his complaint, plaintiff specifically alleges that his due process claim against defendant Schwarzenegger arises from this defendant's processing and rejection of plaintiff's applications for commutation. (See Section 3B, *supra*, Summary of Plaintiff's Complaint).

A prisoner's expectation that his sentence will be commuted is simply a unilateral hope. Connecticut, 452 U.S. at 465. The Supreme Court explains,

There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to be confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty. Id at 464 (internal citations and quotations omitted).

Because there is no constitutional entitlement to commutation of a sentence, there can be no due process violation by defendants in the processing of plaintiff's applications for commutation. Accordingly, the court finds that plaintiff's complaint fails to state a claim upon which relief may be granted, and defendants Schwarzenegger and Perez are entitled to dismissal of the claims against them.

## IV. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed February 28, 2008, is GRANTED to the extent that the court's order dismissing defendants Perez and Schwarzenegger from this action for plaintiff's failure to exhaust available administrative remedies is VACATED; and

2. Defendant Perez and Schwarzenegger's motion to dismiss for failure to state a claim upon which relief may be granted, filed May 18, 2007, is HEREBY GRANTED, thus concluding this action in its entirety.

This Court DISMISSES with prejudice this action as to defendants Schwarzenegger and Perez, DISMISSES without prejudice this action as to defendant Woodford, and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

Dated:    September 22, 2008              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE