**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS WATERBURY,<br><br>           Plaintiff,<br>vs.<br>MARGARITA PEREZ, et al,<br><br>           Defendants.<br>_____/ | CASE NO. CV F 06-0163 LJO DLB PC<br><br>**ORDER TO DENY RECONSIDERATION**<br>(Doc. 34.) |

**INTRODUCTION**

Plaintiff Thomas Waterbury ("plaintiff") is a state prisoner and proceeds pro se in this action under 42 U.S.C. § 1983. Plaintiff seeks reconsideration of dismissal of defendant Margarita Perez ("Ms. Perez") based on her absolute immunity and dismissal of his due process claim based on absence of constitutional entitlement to commutation of a sentence.

**DISCUSSION**

**Reconsideration Standards**

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998).

However, reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff argues that Ms. Perez "failed to provide Plaintiff with promised 'initial review'" to deny him wrongly parole hearings. Plaintiff claims that his complaint alleges facts of a conspiracy to support a claim for due process denial.

Plaintiff appears to seek reconsideration on grounds that this Court committed clear error to

1  dismiss his claims. Plaintiff fails to substantiate this Court's clear error. Plaintiff's dissatisfaction with
2  this Court's rulings does not support reconsideration. As such, this Court DENIES plaintiff
3  reconsideration.

4      IT IS SO ORDERED.

5  **Dated:    November 4, 2009**          /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE